UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODRIGO RAMOS,<br><br>                Plaintiff,<br><br>        v.<br><br>TRUIST BANK,<br><br>                Defendant. | Case No.  26-cv-01633-RFL<br><br>**ORDER GRANTING EX PARTE TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 4 |

Rodrigo Ramos seeks an *ex parte* temporary restraining order enjoining Truist Bank from recording a Trustee's Deed Upon Sale for his home.  Ramos declares that he submitted a loan modification application on January 5, 2026, but Truist sold his home at a foreclosure sale on January 15 and the deed resulting from that sale can be recorded on March 2.  Dkt. No. 4-2 ¶¶ 2–7.  Ramos' motion is **GRANTED**.

A temporary restraining order can be issued if there are "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff . . . so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).  Here, there is a serious question as to whether Ramos had a pending or appealable loan modification application, which would bar a foreclosure sale.  *See* Cal. Civ. Code § 2923.6(c).  The balance of hardships tips sharply in Ramos' favor, as he faces the permanent loss of his home.  *See* Dkt. No. 4-2 ¶ 2.  There is a likelihood of irreparable injury if Truist records the Deed Upon Sale.  *See* Cal. Civ. Code § 2924.12(a) (foreclosure sale may be enjoined only before the trustee's deed upon sale has been recorded).  Finally, "it is in the public interest to allow homeowners an opportunity to pursue what appear to be valid claims before being displaced from their homes." *See Sencion v. Saxon Mortg. Servs., LLC*, No. 5:10-CV-3108-JF, 2011 WL 1364007, at *3 (N.D.

1

Cal. Apr. 11, 2011).

Additionally, the requirements to issue a temporary restraining order without notice are satisfied. *See* Fed. R. Civ. P. 65(b)(1). Ramos' attorney declared that she emailed Truist yesterday (February 25) that Ramos would be seeking a temporary restraining order. Dkt. No. 4-3 ¶ 3. Since the deed could be recorded as soon as March 2, immediate and irreparable injury may occur before Truist could be heard in opposition. *See id.* ¶ 2.

For the foregoing reasons, Truist Bank, their employees, agents, and/or any other person or entity interacting with them or on their behalf, are **RESTRAINED AND ENJOINED** from recording a Trustee's Deed Upon Sale regarding the property located at 16170 Via Alamitos, San Lorenzo, CA 94580.

Ramos shall serve this Order on Truist as soon as possible, and shall file a declaration establishing such service by tomorrow, **February 27, 2026**.

Truist is further **ORDERED TO SHOW CAUSE** why a preliminary injunction should not issue. Truist shall file a written response by **March 5, 2026**. Ramos may file a reply by **March 9, 2026**. A hearing on that matter will be held on **March 12, 2026, at 10:00 a.m.** in Courtroom 15, 18th Floor, Phillip Burton Federal Building and U.S. Courthouse, in San Francisco, California. If the parties wish to stipulate to a longer schedule for briefing and hearing the preliminary injunction, they may do so, provided they stipulate that the temporary restraining order shall remain in place and that there is good cause for continuing to extend it to allow full briefing on the matter.

**IT IS SO ORDERED.**

Dated: February 26, 2026 at 4:01 p.m.

RITA F. LIN
United States District Judge

2